**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVID J. BENING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:90-CV-1798 CAS |
| | ) |
| ARTHUR G. MUEGLER, JR., et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| FREDA BROCKMAN, DONALD NANGLE, JEANNE NANGLE, and W. DAVID BLACKWELL, | ) |
| | ) |
| Garnishees. | ) |

## **MEMORANDUM AND ORDER**

This closed case is before the Court on garnishees Donald Nangle and Jeanne Nangle's motion to dissolve, modify, terminate, or otherwise determine or conclude this Court's preliminary order in aid of execution and of creditors bill and equitable garnishment and related proceedings. Plaintiffs David J. Bening, Alfred W. Harre (now deceased and survived by his wife, Bernice), and Bernice Harre ("plaintiffs") have filed an "answer" to the motion. Plaintiffs' answer gives some additional background as to the lengthy history of this matter, but does not oppose the motion. The answer merely states whether plaintiffs admit or deny the allegations in garnishees' motion. For the following reasons, the Court will deny without prejudice garnishees' motion.

**Background**

This action dates back to 1990, and the current motion concerns a preliminary order in aid of execution and of creditors bill and equitable garnishment, which was issued on February 23, 1999. As background, on September 21, 1990, plaintiffs Bening and Harre sued defendant Arthur

G. Muegler, Jr. (now deceased) for fraud, among other things. On January 23, 1996, a jury awarded plaintiffs Bening and Harre separate judgments against defendant Muegler, each in the sum of $260,000.00. These judgments remained unsatisfied for several years.

On February 23, 1999, the Court found that defendant Muegler had conveyed various properties and entered into various sham transactions in an intentional effort to frustrate plaintiffs' efforts to collect their judgments. On that same date, the Court issued the preliminary order in aid of execution and of creditors bill and equitable garnishment. The order stated that defendant Muegler was the attorney of record representing Donald Nangle in a suit Mr. Nangle had brought in state court against Freda Brockman, captioned Nangle v. Brockman. Mr. Nangle had received a judgment in that case of $117,598.08, and the Court found that defendant Muegler was to receive a contingency fee from the proceeds of this judgment. The Court found that plaintiffs Bening and Harre were entitled to "levy, attach and seize" all of defendant Muegler's rights to the judgment in the Nangle v. Brockman lawsuit. See Doc. 313. These proceeds had been purportedly assigned to Nangle's wife, Jeanne Nangle, "in a transparent and disingenuous attempt to circumvent plaintiffs' [Bening and Harre's] collection of the judgement." Id. at 3.

As it happened, garnishees Donald and Jeanne Nangle had seized certain real property owned by their judgment debtor Freda Brockman, which was to be sold at an impending public auction. The proceeds of this auction were to be given to the Nangles in execution of Mr. Nangle's judgment against Ms. Brockman. Plaintiffs Bening and Harre moved this Court, intra alia, for an injunction to prohibit the Nangles and Mr. Mueller from receiving any proceeds from the sale. See Doc. 312.

The Court granted plaintiffs' motion and preliminarily enjoined and prohibited Ms. Brockman from paying any money to the Nangles or to Mr. Muegler in satisfaction of the judgment

in Nangle v. Brockman. Instead, any and all proceeds of the sale of the real property were to be paid into the Registry of this Court, presumably to be turned over to plaintiffs Harre and Bening. As of January 18, 2006, however, plaintiffs stated the judgment remained entirely unsatisfied.

This case has remained closed and dormant since an Order on Revival of Judgment issued April 27, 2006. See Doc. 354.

**Discussion**

On July 22, 2013, garnishee Jeanne Nangle filed with the Court a motion for leave to deposit certified copies of deeds into the Registry of this Court, and garnishees Donald and Jeanne Nangle filed contemporaneously a motion to dissolve, modify, terminate, or otherwise determine or conclude this Court's preliminary order in aid of execution and of creditors bill and equitable garnishment and related proceedings. As stated in garnishees' motion, in an effort to collect on the state court judgment held by Jeanne Nangle against Freda Brockman in Nangle v. Brockman, the Sheriff of St. Louis County has levied upon and sold at execution sale to Jeanne Nangle several properties owned by Ms. Brockman located in Fenton, Missouri. These properties are known by their street addresses: 731 Larkin Williams Road, 817 Larkin Williams Road, 41 Gravois, 49 Gravois, 211 Main Street, 717 Larkin Williams Road, and 757 Larkin Williams Road. In their motion, the garnishees request "that this Court take such action as may be necessary or desirable in order to clarify the rights of the parties herein in and to the properties to which Jeanne Nangle has acquired some rights or claim by virtue of said Sheriff's deeds."

The Court will deny without prejudice garnishees' motion. First, these newly-acquired properties of Ms. Nangle do not appear to be the subject to this Court's preliminary order in aid of execution, which was directed to an earlier execution of property "known and numbered 313 Main

Street, Fenton, Missouri" and "Lot 7 of Block 3 of the Town of Fenton," which does not appear to have a street address. See Preliminary Order in Aid of Execution, Doc. 313, Ex. 4. In fact, it is unclear to whom these newly-acquired properties belong. The Nangles state that garnishee Jeanne Nangle has filed a quiet title action with respect to these properties in St. Louis County Circuit Court against Ms. Brockman. See Nangle v. Brockman, et al., No. 11SL-CC04925 (filed Dec. 15, 2011). Reviewing the docket of that case, the Court notes that along with Ms. Brockman, Ms. Nangle has sued three other defendants, William T. Forgy (Trustee), LLP Mortgage Ltd., and Ivan Schenberg. See id. Because this quiet title case is pending in state court, title to the properties is unclear.

Because there is currently pending a quiet title action in state court with respect to the properties, this Court finds premature any ruling on garnishees' motion to dissolve, modify, terminate, or otherwise determine or conclude this Court's preliminary order in aid of execution and of creditors bill and equitable garnishment and related proceedings. The Court will deny without prejudice the garnishees' motion.

**IT IS HEREBY ORDERED** that the garnishees' motion to dissolve, modify, terminate, or otherwise determine or conclude this Court's preliminary order in aid of execution and of creditors bill and equitable garnishment and related proceedings is **DENIED without prejudice**. [Doc. 358]

**IT IS FURTHER ORDERED** that the garnishees' motion for leave to deposit certified copies of deeds into registry of the Court is **DENIED**. [Doc. 357]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of February, 2014.