# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. BENING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:90-CV-1798 CAS |
| | ) | |
| ARTHUR G. MUEGLER, JR., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| FREDA BROCKMAN, DONALD NANGLE, JEANNE NANGLE, and W. DAVID BLACKWELL, | ) ) ) | |
| | ) | |
| Garnishees. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on plaintiffs David J. Bening, Alfred W. Harre (now deceased and survived by his wife, Bernice), and Bernice Harre's ("plaintiffs") Motion for the Issuance of an Order to Show Cause. The motion asks the Court to issue orders to show cause directed to garnishees Freda Brockman, Donald Nangle, Jeanne Nangle, and the City of Fenton, Missouri, summonsing and directing these garnishees to a hearing to show cause why plaintiffs' First Amended Motion for Creditor's Bill and Equitable Garnishment should not be granted. Garnishees oppose the motion. For the following reasons, the motion will be denied without prejudice.

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (citation omitted). The Eighth Circuit has "recognized the availability of the creditor's bill in equity under Missouri law." Id. The

creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Co., Inc., 771 S.W.2d 922 (Mo. Ct. App. 1989). Although a creditor's bill can be brought in a separate equitable action, it is appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Cos., Inc. v. Rich, 978 F. Supp. 1281, 1294 (E.D. Mo. 1997). "A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." Shockley, 771 S.W.2d at 925 (citing United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979)).

Proceedings supplementary to and in aid of judgment of execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69 (a)(1). In their reply brief in support of the motion to show cause, plaintiffs state that "[t]he general procedure upon the filing of a motion for issuance of a Show Cause Order, in the State of Missouri and elsewhere, is that the Court, after a preliminary finding, will sign the Order to Show Cause which will contain [a] hearing date. . . . Such hearings provide both the filing party and the opposing party the opportunity to present their issues, evidence and arguments. Thereafter, the parties also have the opportunity to submit memorandum and briefs in support of their positions." (Pls.' Reply at 2, Doc. 21).

Plaintiffs have not cited in either their motion for the issuance of an order to show cause or in their reply brief any Missouri statute or procedural rule that requires a show cause hearing prior to a ruling on a motion for creditor's bill and equitable garnishment, and the Court has found none. Plaintiff's first amended motion for creditor's bill and equitable garnishment is fully briefed and the Court does not consider it necessary to hold a hearing on the motion. Therefore, the Court will deny

without prejudice plaintiff's motion for issuance of an order to show cause. In the event plaintiffs can cite support for their position that a hearing is required, plaintiffs may refile their motion citing such authority.

Additionally, plaintiffs' first amended motion for creditor's bill and equitable garnishment remains pending. This motion is likely affected by two separate quiet title actions pending in state court. Garnishee Jeanne Nangle has filed a quiet title action with respect to the properties at issue in St. Louis County Circuit Court against garnishee Ms. Brockman. See Nangle v. Brockman, et al., No. 11SL-CC04925 (filed Dec. 15, 2011). Reviewing the docket of that case, the Court notes that on December 17, 2014, the state court granted summary judgment in favor of plaintiff Jeanne Nangle. Defendants have filed a motion to amend the judgment and for rehearing or, in the alternative, for a new trial, which is pending. In another state court quiet title action brought by garnishee City of Fenton as plaintiff and garnishees Jeanne Nangle, Donald Nangle, and Freda Brockman as defendants, a status hearing scheduled for January 20, 2015 was rescheduled for March 16, 2016, and it appears the case has settled. See City of Fenton, Mo. v. Donald V. Nangle, et al., No. 11SL-CC02514.

It is likely that the intervening rulings in these state court quiet title actions will affect the Court's decision on plaintiffs' first amended motion for creditor's bill and equitable garnishment. If any party wishes to file any supplemental briefing with respect to plaintiffs' first amended motion for creditor's bill and equitable garnishment in light of the Court's denial of plaintiff's motion for the issuance of an order to show cause or in light of the pending state court quiet title actions, such supplemental briefing shall be filed by Monday, March 9, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for the Issuance of an Order to Show Cause is **DENIED without prejudice**. [Doc. 373]

**IT IS FURTHER ORDERED** that any supplemental briefing on plaintiffs' First Amended Motion for Creditor's Bill and Equitable Garnishment shall be filed by **March 9, 2015**.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 26th day of February, 2015.