UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. BENING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:90-CV-1798 CAS |
| | ) | |
| ARTHUR G. MUEGLER, JR., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| FREDA BROCKMAN, DONALD NANGLE, | ) | |
| JEANNE NANGLE, and W. DAVID | ) | |
| BLACKWELL, | ) | |
| | ) | |
| Garnishees. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Substitution of Parties filed by Bernice E. Harre, Sharon K. Mewes, and Shirley Ann Hardin, the heirs of plaintiff Alfred W. Harre, whose death has been suggested in the record. Garnishees Donald and Jeanne Nangle ("garnishees Nangle") filed an opposition to the motion for substitution. For the following reasons, the motion will be granted.

On March 25, 2014, garnishees Nangle filed a Suggestion of Death indicating that plaintiff Alfred W. Harre died on May 18, 2011. Garnishees stated that as of May 25, 2014, they believed no estate had been opened and no person had been appointed as executor of the estate. See Doc. 377.

On June 16, 2014, Bernice E. Harre, Sharon K. Mewes, and Shirley Ann Hardin timely filed their motion for substitution of parties. See Fed. R. Civ. P. 25(a)(1). In their motion, they state they are the heirs at law to the deceased plaintiff Alfred W. Harre. See Doc. 418 at ¶¶ 5-6. They attach

to their motion the Illinois Small Estate Affidavit prepared pursuant to Illinois law, 755 Ill. Comp. Stat. Ann. 5/25-1.[1] Pursuant to Illinois law, if the total value of the personal estate of the decedent is less than $100,000, the decedent's heirs can avoid probate by use of the small estate affidavit. See 755 Ill. Comp. Stat. Ann. 5/25-1. A small estate affidavit is a non-judicial estate collection and settlement procedure available as an alternative to probate. Under a small estate affidavit, an affiant makes several required representations — listing the estate's assets, directing how to disburse assets to heirs, etc. — and the affidavit is submitted directly to each financial institution or other third-party from which release of an asset is requested. See generally Robert S. Hunter, *The Use of Small Estates Affidavits*, 18 Ill. Prac. § 89:1 (2014) .

Mr. Harre's small estate affidavit lists as an asset his interest in the judgment entered in these proceedings. As to the judgment's value, the affidavit states the value is "undetermined." This amount is correct in that the value of the judgment increases each day that it is not paid, and because it was unpaid as of the date of filing the affidavit (and remains unpaid today) the precise value of the judgment could not be determined at the time of filing of the affidavit. Although garnishees Nangle take issue with Mr. Harre's heirs statement that the value of the judgment is "undetermined," the Court finds this statement appropriate in the context of this case. In the future, if Mr. Harre's heirs collect upon the judgment, the Court may order them to reopen Mr. Harre's estate and the heirs can determine at that point whether the filing of a small estate affidavit is procedurally correct.

The garnishees Nangle also takes issue with the substitution of parties because Mr. Harre's heirs are not "executors" or "administrators" of Mr. Harre's estate. But Federal Rule 25(a) does not

---

[1]As of January 1, 2015, an amendment to the Small Estate section of the Illinois Probate Act changed the small estate form and procedure. 755 Ill. Comp. Stat. Ann. 5/25-1. Movants used the proper form, which is continuing to be used for small estates with dates of death in 2014 or earlier.

require an executor or administrator to file a motion for substitution. Rule 25(a) allows a decedent's "successor or representative" to move for substitution if the decedent's claim is not extinguished. Fed. R. Civ. P. 25(a). Pursuant to Missouri Revised Statute § 537.010, Mr. Harre's claim was not extinguished upon his death. His successors have moved for substitution. Pursuant to the Illinois Probate Act, which governs Mr. Harre's estate, his estate did not go through the probate division of state court and therefore an executor or administrator was not appointed. Under these circumstances, movants having filed a copy of the Illinois Small Estate Affidavit naming them as heirs of the estate of Alfred Harre, the Court will grant their motion for substitution of parties.

Accordingly,

**IT IS HEREBY ORDERED** that the proposed substituted plaintiffs' motion for substitution of party is **GRANTED**. [Doc. 418]

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the caption of this matter to substitute the following for plaintiff Alfred W. Harre:

> Bernice E. Harre, Sharon K. Mewes, and Shirley Ann Hardin, as Successors of Plaintiff Alfred W. Harre, Deceased

**IT IS FURTHER ORDERED** that the short caption of this case, <u>Bening, et al. v. Concepts Communication Management Corp., et al.</u>, shall remain unchanged.

**IT IS FURTHER ORDERED** that the parties shall hereafter use the amended caption on future pleadings.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of March, 2015.